Deaderick, J.,
delivered the opinion of the Court.
This is an action of replevin, brought in the Circuit Court of Haywood county, to recover a mule.
The bill of exceptions shows that one Osborne, who had been, if he was not at the time of the execution of the note, a partner of defendant in error, bought a mule of plaintiffs, and executed a note in the name of Osborne & Grove for the price, $130.
In about two weeks Osborne exchanged the mule with plaintiffs for the mule in controversy, and paid $35, in addition to the note, that being the estimated difference in value.
*405 Some time after the note became cine, plaintiffs applied to Grove to pay it. He refused and denied Ms liability thereon, as partner, in the purchase, and also denied that' Osborne had any authority to sign his name to the note to plaintiffs.
Thereupon plaintiffs assuming that a fraud had been practiced upon them, in getting the mule out of their possession, caused a writ of replevin to be issued, and the mule was, by virtue of this writ, taken out of the possession of defendant, who seems, by some means not disclosed in the record, to have gotten the possession of it, and it was restored to the possession of the plaintiffs.
It is true, as maintained by the counsel of plaintiffs, that where personal goods are obtained by fraud, although under a color of sale, the vendor or' owner may, after making demand of the goods and thus disaffirming the contract in case of sale, maintain an action to recover the goods against the fraudulent vendee, or any one taking from the fraudulent vendee with knowledge of the fraud.
And if the Circuit Judge had been asked so to instruct the jury, it would have been his duty to have done so. But no such instructions were asked, and unless he had been so requested, his failure to give such instructions cannot be held as error, for which, without more, this Court would reverse.
The court instructed the jury that, “ "When the title to property once passes from vendor to vendee, it will require’ the same mutual assent of the contracting parties, upon a sufficient consideration, to *406 re-yest the property in the original vendor, as was necessary to the original transfer.”
This as an abstract ¡proposition is correct. But in view of the particular issues in this case, the court should have explained and qualified it, by leaving it to the jury to determine whether in fact any such contract had been entered into, as was incapable of -dissolution except upon the mutual assent of the parties.
It is probable, therefore, that the failure of the court to instruct the jury as to the effect of fraud upon the contract, when proved, and as to the right of a party, in such ease, to disaffirm the contract, and to demand and sue for the property sold; and the instructions given, in regard to the necessity of mutual assent of the contracting parties to re-vest property in the original vendor, without qualification or explanation, may have . misled the jury-
There is, however, an error in the verdict and judgment, for which the cause must be reversed.
The verdict and judgment were rendered for $165, as the value of the mule, and for $50 damages for the detention thereof.
There is no evidence whatever in the record to support the verdict for damages. Nor is there any evidence of the value of the mule at the time he was replevied from defendant. The proof shows that he was valued at $165 at the time he was sold to Osborne, but the record does not show when that was, nor whether at that time he was *407 more or less valuable tban at tbe time be was replevied.
In tbe absence of all other proof upon tbe subject of value, tbe verdict should not be disturbed for this deficiency. But it is essential to support a verdict for damages, that there should be proof that such damages were in fact sustained.
There- being no such proof in this record, the judgment • must be reversed and the cause remanded.